IRVING, P.J.,
dissenting:
¶ 21. I agree with the dissent by Judge Maxwell. However, I write separately to express my view that even if the actions of Nurse Morgan could be considered in the realm of professional actions or services, expert testimony was not required to establish that she was negligent in refusing or failing to assist her elderly patient traverse the admittedly wet floor. While expert testimony is generally required to prove negligence in medical malpractice cases, there is a recognized exception to this rule: the layman’s exception. Coleman v. Rice, 706 So.2d 696, 698-99 (¶¶ 10-11) (Miss.1997). The layman’s exception is applied in situations “where a layman can observe and understand the negligence as a matter of common sense and practical experience.” Id. at 698 (¶ 10) (quoting Erby v. N. Miss. Med. Ctr., 654 So.2d 495, 500 (Miss.1995)). While the exception is generally applied in situations where a physician or medical staff member has left a foreign object in a patient,[2] I see no reason why it would not apply here on the unique facts of this case. A layman cer *1133 tainly can observe and understand Nurse Morgan’s negligence as a matter of common sense and practical experience. It does not take a medical expert to testify that a nurse commits a negligent act when she refuses to assist or refuses to obtain assistance for an elderly patient who is attempting to traverse a wet floor in order to return to bed. Therefore, for this additional reason, I dissent.
LEE, C.J., JOINS THIS OPINION.

. Id. at (¶ 11).